IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

In re

DIADEXUS, INC.,

    Debtor

LEAP TIDE CAPITAL MANAGEMENT, LLC,

    Plaintiff,

v.

LORI RAFIELD et al.,

    Defendants.

Case No. 18-cv-04002-CRB

**CORRECTED ORDER GRANTING MOTION TO WITHDRAW REFERENCE**

    Defendants move to withdraw the reference of an adversary proceeding filed by Leap Tide Capital Management ("Leap Tide") to bankruptcy court. Defendants argue that withdrawal is permissive, not mandatory, under 28 U.S.C. § 157(d).

    In determining whether cause exists to withdraw the reference, district courts consider (1) "the efficient use of judicial resources," (2) "delay and costs to the parties," (3) "uniformity of bankruptcy administration," (4) "the prevention of forum shopping," and (5) "other related factors." Sec. Farms v. Int'l Bhd. of Teamsters, 124 F.3d 999, 1008 (9th Cir. 1997).

    The parties concede that Leap Tide's claims are non-core (they all arise under state law). Accordingly, the bankruptcy court lacks jurisdiction over these claims. In re Castlerock Props., 781 F.2d 159, 162 (9th Cir. 1986). Any rulings the bankruptcy court makes would be subject to de novo review by the district court as to both factual and legal

findings. Id.

While Leap Tide argues that it would be more efficient to litigate the adversary proceeding in bankruptcy court, it is difficult to see how this could be so, given that any decision made by the bankruptcy court would be subject to de novo review by this Court. While Leap Tide contends that the adversary proceeding is inextricably entwined with Diadexus's Chapter 7 proceeding, this is not correct: all of the claims it brings relate to Defendants' mismanagement of the company prior to the Chapter 7 filing. These claims are conceptually distinct from the issue of how Diadexus's liabilities should be discharged in bankruptcy. Nor has the bankruptcy court evaluated the merits of the claims in the adversary proceeding, which was only filed on June 13—little over a month ago.

Accordingly, judicial efficiency would be best served by withdrawing the reference. None of the other factors for permissive withdrawal weigh in favor of leaving the proceeding in bankruptcy court. The Court thus exercises its discretion to withdraw the reference. The motion is **GRANTED**.

**IT IS SO ORDERED.**

Dated: July 30, 2018



CHARLES R. BREYER
United States District Judge